IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48619-9-II |
| Respondent, | |
| v. | |
| GERALD LEE CAMERON JR., | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — Gerald Lee Cameron Jr. appeals his jury trial conviction for felony harassment-death threats.[1] He argues that the trial court erred when it allowed a witness to testify that Cameron had also threatened to kill her. In his statement of additional grounds for review[2] (SAG), Cameron also argues that there was insufficient evidence to support the felony harassment conviction. Because Cameron failed to preserve his evidentiary argument[3] and the grounds alleged in his SAG have no merit, we affirm.[4]

---

[1] Cameron was also convicted of fourth degree assault. He does not challenge that conviction on appeal.

[2] RAP 10.10.

[3] RAP 2.5(a).

[4] Cameron also asks that we decline to impose appellate costs. The State responds that it does not intend to seek costs. We accept the State's representation, and we do not address appellate costs further.

FACTS

I. BACKGROUND

In June 2015, Deana Lentz and Gary James Sommerville were living in neighboring tents on state property located next to a highway. Lentz and Sommerville had known each other for more than two years, and they had recently engaged in sexual relations while Lentz's then-boyfriend Cameron was in jail.

On June 17, Sommerville approached Lentz's tent intending to borrow a wrench. Lentz came out of her tent and told Sommerville that Cameron had returned. Sommerville returned to his tent and decided to walk to the nearby Fred Meyer's store.

As Sommerville approached Lentz's tent, he heard Lentz yelling at Cameron and telling him to pack his belongings and leave because their relationship was over. Lentz and Cameron then walked out of the tent. Concerned that Lentz "was going to be in trouble," Sommerville approached Lentz and Cameron and told Lentz, "'[L]et's go.'" 2 Report of Proceedings (RP) at 149. Lentz went to Sommerville and took his hand.

According to Sommerville, Cameron responded, "'Do you mind? I'm talking to my old lady.'" 2 RP at 150. Sommerville told Cameron that Lentz was now with him and that she had been with him while Cameron was in jail. Cameron responded, "'I'm going to kill you.'" 2 RP at 151.

Cameron then asked Sommerville if he and Lentz had been having sex. When Sommerville said they had and gave some graphic detail, Cameron again threatened to kill Sommerville. Believing Cameron's threat, Sommerville told Lentz that they needed to go to Fred Meyer's and call 911. Sommerville and Lentz started walking down the trail towards the store.

As they walked down the trail, Sommerville looked back and saw a flashlight coming toward him and Lentz. When he realized that Cameron was following them, Sommerville told Lentz to run. Cameron caught up with Sommerville, and Sommerville turned and tried to keep Cameron away from him by swinging the hoe handle he had been using as a walking stick. Cameron used a steel bar to knock the hoe handle out of Sommerville's hands. Cameron then struck Sommerville in the head several times with the bar. Sommerville managed to get away and find help on a road near the camp.

When the police officers arrived, Sommerville told them that Cameron had assaulted him with a long steel bar used to lift weights. Sommerville was then transported to the hospital. He suffered injuries to his head and a broken hand.

City of Vancouver Police Officer Zachary P. Ripp arrested Cameron the next day. Cameron provided Officer Ripp with oral and written statements. In both of these statements, Cameron admitted to having been in an altercation with Sommerville, but he asserted that he had acted in self-defense when he came to Lentz's defense and that Sommerville attacked him with a stick or a shovel. Cameron also asserted that he was injured in the altercation and that he "went out in a seizure" when Sommerville struck him in the head. 2 RP at 110. The injuries Cameron noted included an injured hand, blood near his ear, and scratch marks.

## II. PROCEDURE

### A. MOTION IN LIMINE

The State charged Cameron with first degree assault while armed with a deadly weapon and felony harassment.

During the investigation, Lentz revealed in an interview that after the police left, Cameron had returned to her tent and assaulted and raped her. Cameron moved in limine to restrict the State's use of this information. Cameron argued that the evidence of the alleged assault or rape was inadmissible under ER 404(b) and because it was unfairly prejudicial and that there was insufficient proof that the rape and assault had occurred, but he did not mention an additional threat to kill.

The State responded that the evidence about the assault and rape of Lentz was relevant because Lentz asserted that she injured Cameron during his altercation with her, which would rebut Cameron's claim that he sustained injuries during his altercation with Sommerville. The trial court ruled that Lentz could testify about the injuries she claimed to have inflicted on Cameron during the assault but that she could not testify about the rape. At no point during this hearing did anyone mention Cameron threatening to kill Lentz.

## B. TESTIMONY

The State presented testimony from the officer who first contacted Sommerville, Officer Ripp, Sommerville, and Lentz. Cameron's sole witness was a physician's assistant who testified about Cameron's hand injury.

In addition to the facts set out above, Sommerville testified that although he swung the hoe handle when Cameron confronted him, he was just trying to keep Cameron away from him and he did not strike Cameron. In addition, Sommerville testified that the first time Cameron threatened him, he did not believe Cameron. But the second time Cameron threatened him, Sommerville took the threat seriously and told Lentz that they needed to call 911.

4

Lentz also testified that Sommerville had been trying to help her when Cameron came after them with a "60-pound weight bar." 3 RP at 247. Her testimony about the physical confrontation between Cameron and Sommerville was generally consistent with Sommerville's.

The State then questioned Lentz about Cameron assaulting her after the police had departed. Lentz testified that Cameron had returned to her tent and assaulted her and that she had punched and scratched him.

During redirect, the State asked Lentz if after Cameron attacked her, he told her not to talk to the police about the incident. Lentz responded that Cameron had told her not to talk to the police. She then stated, "He said because if I did, he'd kill me." 3 RP at 263. Defense counsel objected based on "[l]eading" and asked the trial court to strike the response. 3 RP at 263. The trial court overruled the objection.

The jury found Cameron guilty of felony harassment and the lesser included offense of fourth degree assault. Cameron appeals his felony harassment conviction.

ANALYSIS

Cameron argues that the trial court erred when it allowed Lentz to testify that Cameron had threatened to kill her.[5] In his SAG, he further contends that the evidence was insufficient to convict him of felony harassment. Cameron has failed to preserve his evidentiary arguments, and his SAG issues have no merit.

---

[5] Cameron argues that the trial court erred by denying the defense motion in limine to exclude this evidence. But the motion in limine did not address this evidence, it addressed only Lentz's allegations of assault and rape.

5

## I.  EVIDENTIARY ERRORS NOT PRESERVED

Cameron argues that the trial court erred when it allowed Lentz to testify that Cameron had threatened to kill her because this testimony was unfairly prejudicial under ER 403 and was improper propensity evidence under ER 404(b).  The State responds that Cameron failed to preserve this argument for appeal.  We agree with the State.

A nonconstitutional evidentiary error cannot be raised for the first time on appeal.  RAP 2.5(a); *see also State v. Mason*, 160 Wn.2d 910, 933, 162 P.3d 396 (2007), *abrogated in part on other grounds by Giles v. California*, 554 U.S. 353, 128 S. Ct. 2678, 171 L.Ed.2d 488 (2008).  Here, Cameron objected to Lentz's testimony about Cameron threatening her on grounds of "leading" the witness, not because of undue prejudice under ER 403 or because it was improper propensity evidence under ER 404(b).[6]  And the evidentiary errors alleged here do not fall under the manifest constitutional error exception to RAP 2.5(a)(2).  *State v. Everybodytalksabout*, 145 Wn.2d 456, 468-69, 39 P.3d 294 (2002) (evidentiary errors, such as erroneous admission of ER 404(b) evidence, are not of constitutional magnitude).  Accordingly, Cameron has not preserved his ER 403 and ER 404(b) arguments, and we decline to address these arguments.

## II.  SUFFICIENT EVIDENCE

In his SAG, Cameron contends that the evidence was insufficient to support the felony harassment conviction.  We disagree.

---

[6] We note that although an objection based on prejudice would have been sufficient to preserve both the ER 403 and ER 404(b) issues for appeal, Cameron did not object based on prejudice. *Mason*, 160 Wn.2d at 933.

When an appellant challenges the sufficiency of the evidence supporting his conviction, we must view the evidence in the light most favorable to the State and determine whether any rational jury could have found the essential elements of the crime beyond a reasonable doubt. *State v. Farnsworth*, 185 Wn.2d 768, 775, 374 P.3d 1152 (2016). The appellant admits the truth of all the State's evidence in making such a challenge. *Farnsworth*, 185 Wn.2d at 775. We "defer to the trier of fact for purposes of resolving conflicting testimony and evaluating the persuasiveness of the evidence." *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014).

To prove felony harassment, the State had to prove that Cameron, acting without lawful authority, knowingly threatened to kill Sommerville and that Cameron's words or conduct placed Sommerville in reasonable fear that Cameron would carry out this threat. RCW 9A.46.020(1)(a)(i), (1)(b), (2)(b)(ii). Cameron contends that the evidence was insufficient to prove that (1) his actions placed Sommerville in reasonable fear that the threat to kill would be carried out and (2) he (Cameron) acted without lawful authority.

Cameron asserts that the evidence did not establish that Sommerville feared that Cameron would carry out the threat to kill because Sommerville testified that when Cameron first threatened him, he (Sommerville) did not believe Cameron would carry out the threat. But Cameron ignores part of Sommerville's testimony. Although Sommerville testified that he did not believe Cameron would follow through on his first threat, Sommerville also testified that he believed that Cameron would carry out the threat after Cameron threatened him a second time. Although Sommerville's testimony would not have supported a conviction based on the first threat alone, we hold that,

7

taking the evidence in the light most favorable to the State, a reasonable jury could conclude beyond a reasonable doubt that Sommerville feared that Cameron would carry out the second threat based on Sommerville's testimony.[7] Accordingly, the evidence is sufficient to support this element.

Cameron next appears to assert that the evidence was insufficient to show that he acted without lawful authority because he acted in self-defense, he was not the first aggressor, and he had no obligation to retreat. To act with lawful authority, Cameron would have to show that he was about to be injured by Sommerville and that he (Cameron) responded with no more force than necessary. RCW 9A.16.020(3) (defining lawful use of force); *State v. Smith*, 111 Wn.2d 1, 9, 759 P.2d 372 (1988) ("Threats of bodily injury also lawfully may be made when circumstances justify violent action in self defense."). Here, Sommerville testified that Cameron threatened to kill him a second time after Sommerville revealed he had been having sexual relations with Lentz. At that point, there was no evidence that Sommerville had threatened to harm Cameron. This evidence, taken in the light most favorable to the State, is sufficient to allow a jury to find that Cameron was not acting with lawful authority. Accordingly, Cameron's sufficiency of the evidence claims fail.

---

[7] Cameron does not argue that if Sommerville was afraid, Sommerville's fear was not reasonable.

No. 48619-9-II

Because Cameron failed to preserve his evidentiary argument and the evidence is sufficient to support the felony harassment conviction, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

BJORGEN, C.J.

WORSWICK, J.